**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4329**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

KENYON DONTE DOCKERY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00289-TDS-1)

Submitted:  November 25, 2013     Decided:  December 6, 2013

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyon Donte Dockery pled guilty to one count of possession of a firearm after conviction of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g), but reserved his right to appeal the district court's denial of his motion to suppress evidence seized from his vehicle and statements he made to authorities after his arrest. The district court subsequently sentenced Dockery to eighty-two months' imprisonment, which the court explained as both an eleven-month upward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.3 (2012), and an upward variance from the Sentencing Guidelines range. On appeal, Dockery contests the district court's denial of his motion to suppress, and argues that his sentence is unreasonable because it is greater than necessary to accomplish the goals of sentencing. We affirm.

Dockery first argues that, at the time Officer Malone initially approached Dockery's vehicle, he did not possess sufficient information to provide reasonable suspicion of criminal activity, and therefore his seizure of Dockery was unlawful. He also argues that such suspicion did not exist at the time the passenger exited the vehicle, and thus the search of the passenger was unlawful and did not supply probable cause to search the vehicle. This court reviews factual findings

2

underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). The Government bears the burden of proof in justifying a warrantless search or seizure. United States v. Watson, 703 F.3d 684, 689 (4th Cir. 2013).

When reviewing the constitutionality of a seizure, we consider whether the totality of the circumstances gave the officer a "particularized and objective basis for suspecting legal wrongdoing." United States v. Mayo, 361 F.3d 802, 805 (4th Cir. 2004) (internal quotation marks and citation omitted). "In order to demonstrate reasonable suspicion, a police officer must offer 'specific and articulable facts' that demonstrate at least 'a minimal level of objective justification' for the belief that criminal activity is afoot." United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008) (quoting Illinois v. Wardlow, 528 U.S. 119, 123 (2000)).

Assuming, without deciding, that Dockery was seized when Officer Malone approached his vehicle and requested identification, we conclude that Malone possessed reasonable suspicion of criminal activity. The informant described

3

activity at Dockery's vehicle that Malone characterized as consistent with drug dealing, and the situation when Malone arrived matched the informant's description of the vehicle and number of occupants. Additionally, the time of day (approximately midnight), and the location in a high crime area in which Malone had previously made arrests for drug activity, further supported reasonable suspicion. See United States v. Johnson, 599 F.3d 339, 343-44 (4th Cir. 2010) (officer's experience informs reasonable suspicion determination); United States v. McCoy, 513 F.3d 405, 411 (4th Cir. 2008) ("[T]he Supreme Court has often counseled lower courts to give 'due weight' to the factual inferences drawn by police officers as they investigate crime, for the reasonable suspicion analysis is by its nature 'officer-centered.'" (internal citations omitted)). To the extent Dockery contests the reliability of the informant, his argument is without merit. The informant was not anonymous, but was known to Malone, and had provided information on several previous occasions, some of which resulted in arrests. Further, Malone testified that he had never found any information provided by the informant to be untruthful. See United States v. Christmas, 222 F.3d 141, 144 (4th Cir. 2000) (information from known informant more trustworthy and reliable than anonymous tip).

The reasonable suspicion possessed by Officer Malone when he approached the vehicle was buttressed by Dockery's actions when asked for identification. See United States v. George, 732 F.3d 296, 299 (4th Cir. 2013) ("A suspect's suspicious movements can also be taken to suggest that the suspect may have a weapon."). Thus, to the extent that Officer Malone seized Dockery when he pulled Dockery's shoulder back, such seizure was supported by reasonable suspicion of criminal activity and the possibility that Dockery was armed.

After Malone asked Dockery to exit the vehicle, Dockery consented to a search of his person but refused consent to search the vehicle. At approximately the same time, another officer arrested the passenger of the vehicle for possession of drug paraphernalia, specifically a crack pipe. During a search of the passenger, he swallowed what he admitted was a package of crack cocaine. "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Arizona v. Gant, 556 U.S. 332, 351 (2009). In this case, we conclude that it was reasonable to believe that evidence of drug possession and/or trafficking would be found in the vehicle, based on the information known to Officer Malone and the fact that the passenger was found with a

crack pipe and swallowed a quantity of crack cocaine. Therefore, the district court did not err in denying Dockery's motion to suppress.

Dockery next argues that his sentence is unreasonable because it is greater than necessary to satisfy the goals of sentencing as listed in 18 U.S.C. § 3553(a). We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. In reviewing any sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it

6

has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted). If the sentence is free of procedural error, we review it for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

Dockery argues that the district court's reliance on his criminal history provided an inadequate basis for an upward departure or variance. In explaining its sentence, the district court noted Dockery's prior robbery and kidnapping convictions, and particularly highlighted the fact that they involved violence. The court, however, placed greater emphasis on the fact that, after his release from imprisonment, Dockery resumed criminal activity rather quickly, and demonstrated a disregard for his probationary sentence on repeated occasions. The court then noted that the instant offense involved a loaded handgun with a round in the chamber, which the court considered a serious offense. To the extent Dockery asserts that the district court procedurally erred, his argument is without merit. The court thoroughly explained its consideration of not only the robbery and kidnapping convictions, but also Dockery's

7

recidivism and the instant offense. The court specifically discussed these facts in conjunction with the § 3553(a) factors. The court adequately explained its sentence, and did not otherwise procedurally err.

Moreover, the sentence is substantively reasonable. The court varied upward eleven months above the top of the Guidelines range, or approximately fifteen percent. Considering the totality of the circumstances, and in light of Dockery's demonstrated propensity for criminal activity, we conclude that this relatively modest upward variance did not result in a sentence that is substantively unreasonable.

Accordingly, we affirm Dockery's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>